T.C. Summary Opinion 2003-18

UNITED STATES TAX COURT

JOE D. AND MAURA F. WHITE, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11161-01S.                    Filed March 12, 2003.

Joe D. White, pro se.

Gerald L. Brantley, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $654 in petitioners' Federal income tax for 1999.

Following concessions by the parties noted hereafter, the issue remaining for decision is whether petitioners are entitled to deductions for a trade or business expense activity under section 162(a) in excess of amounts conceded by respondent. More specifically, the issue is whether petitioners are entitled to deductions for car and truck expenses and home office expenses.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Del Rio, Texas.

Petitioners filed a Federal income tax return for 1999 on a Form 1040A, U.S. Individual Income Tax Return. On line 7 of the return, for wages, salaries, tips, etc., petitioners reported $25,746.66, which included wage and salary income reflected on five Forms W-2, Wage and Tax Statement, totaling $14,944.63 and other income from other sources totaling $10,802.03. These other sources were $5,807 in unemployment compensation benefits reflected on Form 1099-G, Certain Government Payments, and $4,995.03 in self-employment income paid to Joe D. White (petitioner) reflected on three Forms 1099-MISC, Miscellaneous Income. In addition, on line 8a of the return, petitioners reported taxable interest income of $12.31.

Petitioners did not include with their return a Schedule C, Profit or Loss From Business, with respect to the $4,995.03 in self-employment income, nor did they claim deductions for expenses in connection with the activity or compute self-employment taxes on the income. The three sources of this income reflected on the Forms 1099-MISC earned by petitioner were from the following sources:

| | |
|---|---|
| Xprezzo Caffe Club, 11c | $1,328.03 |
| Villa Del Rio | 1,662.00 |
| Rio Grande Property Management | 2,005.00 |
| Total | $4,995.03 |

In the notice of deficiency, respondent determined a deficiency of $654 in taxes, representing self-employment taxes due under section 1401(a) and allowing petitioners a deduction for one-half of the taxes under section 164(f). Respondent's determination, however, was based only on two of the Forms 1099-MISC identified above, $1,662 from Villa Del Rio, and $2,005 from Rio Grande Property Management, totaling $3,667. Respondent's determination failed to include the $1,328.03 shown above in the deficiency determination.

In preparation for trial, petitioners prepared and submitted to respondent an income tax return, Form 1040, for 1999, on which they correctly reported their income from the various sources

recited above.  The return included a Schedule C, on which

petitioners reported the following income and expenses:

| | | |
|---|---|---|
| Gross income | | $4,995.03 |
| Expenses: | | |
| Car & truck | $938.43 | |
| Depreciation | 253.43 | |
| Other expenses | 351.77 | |
| Home office | 941.43 | |
| Total expenses | | 2,485.06 |
| Net profit | | $2,509.97 |

The return also included the schedule for self-employment taxes,

which amounted to $354.46.  Elsewhere on their return,

petitioners claimed a deduction for one-half of the self-

employment taxes allowable under section 164(f).  This tax return

was admitted into evidence at trial.  Even though the deficiency

determined in the notice of deficiency was based only on two of

the Forms 1099-MISC, totaling $3,667, petitioners conceded at

trial that their self-employment income totaled $4,995.03, based

on the three Forms 1099-MISC described earlier.

At trial, respondent conceded petitioners' entitlement to a

deduction for the following expenses shown on petitioners'

corrected 1999 income tax return:  (1) $100 of the $938.43 in car

and truck expenses; (2) $253.43 in depreciation; and (3) $351.77

in other expenses, leaving at issue $838.43 in car and truck

expenses and $941.43 claimed as expenses for the business use of

petitioners' home.

For the first part of 1999, petitioner was unemployed and received the reported $5,807 in unemployment compensation benefits. In June 1999, petitioner began working for an individual who owned three businesses (which businesses issued the Forms 1099-MISC identified above). One of the entities was a restaurant, one was a bed and breakfast activity, and one was a real estate management activity involving rental apartments and houses. Petitioner performed a variety of services for these entities, such as landscaping, cutting grass, gardening, carpentry, repairs, and generally "fixing things". Petitioner described himself as a handyman. He was considered self-employed, a status that respondent has not challenged.

Respondent challenges petitioners' entitlement to two expenses claimed by petitioners with respect to the self-employment activity: the home office expenses of $941.43 and $838.43 of the $938.43 in car and truck expenses.

With respect to the home office expenses, petitioner used one room of his home, a mobile home, in connection with his activity. In this room, he had a computer, telephone, filing cabinet, desk, chairs, etc. He received no clients or customers at his home, nor did he solicit business from others, except for the three entities described above. Outside his home, petitioner had a shed where he stored the equipment used in his activity. Petitioner did not advertise. For all intents and purposes,

petitioner worked for the three enterprises previously discussed. Between assignments, he was reached at home to attend to one or more of the projects that required his services; however, he also received assignments while he was at a work site.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business.  Under section 280A, however, deductions associated with a home office are generally disallowed unless the home office is used exclusively and regularly as the principal place of business of the taxpayer.  Petitioner contends his home was his principal place of business because he was required to perform his services at three different locations.  He alleges that, because he received his orders and directions for his services at his home, his home was, therefore, the focal point of his activity.  In addition, petitioner stored equipment used in his activity at his home.[2]

Section 280A(a) provides that no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.  Section 280A(c), however, provides an exception if a portion of the residence is exclusively used on a regular basis:

---

[2]      Sec. 7491, in certain instances, places the burden of proof upon the Commissioner.  The parties have not alleged that sec. 7491 would be applicable in this case.  The Court, nonetheless, decides this case without regard to the burden of proof.

(1) as the principal place of business for any trade or business of the taxpayer (sec. 280A(c)(1)(A));

(2) as a place of business used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business (sec. 280A(c)(1)(B)); or

(3) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business (sec. 280A(c)(1)(C)).

Where a taxpayer's business is conducted in part in the taxpayer's residence and in part at another location, the following two primary factors are considered in determining whether the home office qualifies under section 280A(c)(1)(A) as the taxpayer's "principal" place of business:  (1) The relative importance of the functions or activities performed at each business location, and (2) the amount of time spent at each location.  Commissioner v. Soliman, 506 U.S. 168, 175-177 (1993).

Whether the functions or activities performed at the home office are necessary to the business is relevant but not controlling, and the location at which goods and services are delivered to customers generally will be regarded as the principal place of a taxpayer's business.  Id. at 176.  The relative importance of business activities engaged in at the home office may be substantially outweighed by business activities

engaged in at another location. The Supreme Court has explained as follows:

> If the nature of the business requires that its services are rendered or its goods are delivered at a facility with unique or special characteristics, this is a further and weighty consideration in finding that it is the delivery point or facility, not the taxpayer's residence, where the most important functions of the business are undertaken.

Id. at 176.

In petitioner's situation, none of his services were performed at home. His services were all performed at the three business locations of his principal. He received orders at those locations to perform services at one or two of the other businesses of his principal. To be sure, petitioner occasionally received orders at home. On this record, it is evident that the most important parts of petitioner's activities were performed away from his home at the business locations of his client. Section 280A(c)(1), with respect to tax years beginning after December 31, 1998, provides, in pertinent part:

> For purposes of subparagraph (A), the term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business.

Petitioner did not establish that he conducted substantial administrative or management activities of his trade or business at his home.  Except for occasional telephone calls he received at home with respect to some of his work assignments, there was no other evidence presented that would satisfy the Court that petitioner's home was the situs of management or administrative activity related to his activity.

Petitioner also contended that, because he stored equipment used in his business activity in a shed on his home premises, such fact entitles petitioners to a home office deduction. Section 280A(c)(1) provides, in pertinent part:

> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
>
>     *       *       *       *       *       *       *
>
>     (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.

However, none of the expenses petitioners claimed with respect to their home office related to the shed.  All of the claimed expenses related to the room in petitioners' home.  Petitioners, therefore, are not entitled to a deduction for home office expenses.

The remaining expenses relate to petitioner's car and truck expenses.  As noted earlier, petitioners claimed $938.43.  At trial, respondent conceded petitioners' entitlement to a deduction of $100 for such expenses, leaving at issue $838.43.

The expenses claimed relate to petitioner's use of his vehicle in going to and from his home to each of the places where he performed his services, including the use of his vehicle in going from one business place to another business place.  The $100 respondent conceded as a car expense represents the amount respondent determined was incurred by petitioner in going from one location of his business to other locations.  The remainder represents petitioner's transportation expenses to and from his home to each business location where he performed his self-employment activity.

The Court finds it unnecessary to decide whether petitioner substantiated the amount at issue.  Petitioner contends that, because his home was his principal place of business, he is entitled to a deduction for car and truck expenses incurred from his home to each place of business and his return home.  Petitioners' home, however, was not his principal place of business; therefore, section 262 governs in this situation.  As a general rule, section 262 disallows expenses for personal, living, or family expenses.  Transportation expenses ordinarily incurred between one's residence and one's principal place of

business, typically referred to as commuting expenses, are nondeductible personal expenses under section 262. <u>Fausner v. Commissioner</u>, 413 U.S. 838 (1973); <u>Commissioner v. Flowers</u>, 326 U.S. 465 (1946). The expenses at issue were incurred by petitioner as commuting expenses and, therefore, are not deductible.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>